UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TONY WILSON,

                  Plaintiff,            **MEMORANDUM & ORDER**

        -against-                   **08-CV-1889 (NGG) (MDG)**

WILLIAM LAPE, *Superintendant of Coxsackie Correctional Facility*,

                  Defendant.
-------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner pro se Tony Wilson ("Wilson") brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his January 4, 2001 conviction in New York State Supreme Court, Queens County, for assault in the first degree and criminal possession of marijuana in the first degree. (Pet. (Docket Entry #1).) For the reasons set forth below, the court denies Wilson's petition for a writ of habeas corpus.

## I. BACKGROUND

On January 4, 2001, Wilson pleaded guilty to assault in the first degree and criminal possession of marijuana in the first degree stemming from his involvement in transporting over 100 pounds of marijuana from JFK Airport, and running over a New York City police detective with his car in an ensuing chase. (Traill Decl. (Docket Entry # 6) ¶¶ 4-6.) On February 23, 2001, Wilson was sentenced to eighteen years in prison. (Pet. ¶¶ 2b, 3.) The sentencing proceeding did not indicate whether Wilson would be subject to any period of post-release supervision. See People v. Wilson, 37 A.D.3d 855 (2d Dep't 2007) ("Neither the transcript of the sentencing proceeding nor the court's order of commitment contains any reference to the imposition of a period of post-release supervision."). Wilson then directly appealed his

conviction; the Second Department denied his appeal on June 11, 2001. Decision & Order, People v. Wilson, No. 2001-3393 (2d Dep't June 11, 2001). Wilson did not seek review of this denial. (Pet. ¶ 9.)

On January 19, 2004, Wilson collaterally challenged his conviction in New York State Supreme Court, Queens County, under New York Criminal Procedure Law § 440 ("§ 440"). (Pet. ¶ 11(a)(3).) Wilson claimed that his sentence was illegal because it included a five year term of supervised released, a sentence he did not agree to as part of his plea bargain. Motion, People v. Wilson, No. 1947/99 (N.Y. Sup. Ct., Queens Cnty. Jan. 19, 2004). The court rejected his motion on November 3, 2004. (Id. ¶ 11(a)(8).) On October 18, 2004, Wilson filed a notice of appeal to the Second Department. (Traill Decl. ¶ 13.) On January 12, 2005, the Second Department denied Wilson's appeal on the grounds that Wilson never filed any supporting papers in his appeal. (Id.) On April 2, 2005, Wilson moved the Second Department for reargument; it denied his request on May 16, 2005. (Id. ¶ 14.) On November 15, 2005 Wilson filed another § 440 motion in New York State Supreme Court, Queens County. (Id. ¶ 15.) The court denied Wilson's motion as procedurally barred on January 24, 2006. (Id. ¶ 17.) Wilson then sought leave to appeal to the Second Department, which granted his request on July 11, 2006. (Id. ¶ 18.) On February 27, 2007, the Second Department affirmed Wilson's conviction. People v. Wilson, 37 A.D.3d 855 (2d Dep't 2007). Wilson then sought leave to appeal to the New York State Court of Appeals. (Id. ¶ 22.) The Court of Appeals denied his request on June 18, 2007. People v. Wilson, 9 N.Y.3d 853 (2007).

Wilson then brought a third § 440 motion in New York State Supreme Court, Queens County. (Traill Decl. ¶ 24.) On September 24, 2007, it denied his motion as moot. (Traill Decl. ¶ 27.) On October 18, 2007, Wilson then sought leave to appeal to the Second Department,

2

which denied his request on January 30, 2008. (Id. ¶ 28.) Wilson then filed his petition for a writ of habeas corpus on April 24, 2008. (See Pet. at 14.)

## II. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court may grant a writ of habeas corpus to a state prisoner "*only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Even liberally construed, see Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006), Wilson's petition presents a single claim of relief: that his sentence was unconstitutional because it wrongly included a term of supervised release. (Pet. at 15-21.) But Wilson is mistaken—his conviction *does not* include a term of supervised release. Indeed, on Wilson's second § 440 motion, the Second Department clearly stated: "[T]he sentence actually imposed by the court never included, and does not now include, any period of post-release supervision." Wilson, 37 A.D.3d at 856. Consequently, the Second Department concluded that "the defendant received precisely the sentence for which he bargained, and thus he has failed to articulate any reason for vacating his judgment of conviction." Id. Because Wilson's sentence does not include the allegedly unconstitutional term of post-supervised release, Wilson's habeas petition presents no claim under the United States Constitution. As such, the court lacks jurisdiction to consider Wilson's claim. See 28 U.S.C. § 2254(a). Wilson's petition is denied.

## III. CONCLUSION

Petitioner's petition for a writ of habeas corpus is DENIED. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
May 16, 2011

/s/ NGG
NICHOLAS G. GARAUFIS
United States District Judge

4